# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

No. 12-30757
Summary Calendar

Lyle W. Cayce
Clerk

DAVID LOUIS WHITEHEAD,

Plaintiff-Appellant

v.

WHITE & CASE, L.L.P.; WALLPARK, L.L.C.; PAUL L. FRIEDMAN; ELIZABETH FRIEDMAN; CAROL LAMM; ELEANOR HOLMES NORTON; DISTRICT OF COLUMBIA FEDERAL JUDICIAL NOMINATION COMMITTEE; DEMOCRATIC NATIONAL COMMITTEE; DISTRICT OF COLUMBIA; JULIA TOMALA; NORMA HOLLOWAY JOHNSON ESTATE; AUBREY ROBINSON ESTATE; JAMES E. BOASBERG; DOUGLAS GINSBERG; MERRICK GARLAND; BRETT KAVANAUGH; ASHLEY KAVANAUGH; JUDITH ROGERS; ROYCE LAMBERTH; DAVID SENTELLE; ELLEN HUVELLE; JEFFREY HUVELLE; RICHARD ROBERTS; JOHN BATES; REGGIE WALTON; DEBORAH CHASANOW; THOMAS F. HOGAN; COLLEEN K. KOTELLY; JOHN KOTELLY; LEE SATTERFIELD; RHONDA REID WINSTON; SUSAN WINFIELD; RUSSELL CANAN; MICHAEL RANKINS; RONALD GOODBREAD; STEPHANIE DUNCAN-PETERS; ANTHONY TRENGA; JAMES CACHERIS; LEONIA BRINKEMA; THOMAS R. JONES; ROBERT KING; ROGER GREGORY; BLANE MICHAEL; ALLYSON K. DUNCAN; J. HARVEY WILKERSON; KAREN WILLIAMS; T. S. ELLIS; MICHAEL MIHMS; APPLE COMPUTER INCORPORATED; MICROSOFT INCORPORATED; H. PATRICK SWYGERT; HOWARD UNIVERSITY; LEO O'DONOVAN; GEORGETOWN UNIVERSITY; HARVARD UNIVERSITY; TIM KANE; DICK PARSONS; CITIGROUP; TYLER PERRY; LIONSGATE ENTERTAINMENT COMPANY; SEAN COMBS; JAMES CAMERON; MEL GIBSON; DEWAYNE WICKHAM; ERIC MICHAEL DYSON; TERRY MCMILLAN; DEBBIE ALLEN; DREAMWORK PICTURES; TOM CRUISE; PAULA WAGNER; 20TH CENTURY FOX FILM; SONY, INCORPORATED; COLUMBIA PICTURES, INCORPORATED; M G M, INCORPORATED; COLUMBIA PICTURES INDUSTRIES INCORPORATED; WALT DISNEY COMPANY; PARAMOUNT PICTURES CORPORATION; VIACOM

No. 12-30757

INCORPORATED; TIME WARNER INCORPORATED; HOME BOX OFFICE; NEW LINE CINEMA; MIKE MYERS; WARNER BROS, INCORPORATED; BLACK ENTERTAINMENT TELEVISION; GENERAL ELECTRIC COMPANY; N B C UNIVERSAL PICTURES; STEPHENS, INCORPORATED; STEPHENS FAMILY, INCORPORATED; TURNER BROADCASTING SYSTEMS; COMCAST, INCORPORATED; BANK OF AMERICA; WACHOVIA BANK; GOLDMAN SACHS; JP MORGAN; KEVIN KRESS; COVINGTON & BURLING, L.L.P.; DICKSTEIN, L.L.P.; ARNOLD & PORTER, L.L.P.; WILLIAMS & CONNOLLY, L.L.P.; O'MELVENY & MYERS, L.L.P.; UNNAMED FED EX JUDGE; WARNER BROTHERS; NIXON & PEABODY, L.L.P.; ANDRE DAVIS; THERESA CAROLL BUCHANAN; OPRAH WINFREY; HARPO PRODUCTIONS; MCCRANIE, SISTRUNK, ANZELMO, HARDY, MCDANIEL, & WELCH, L.L.C.,

Defendants-Appellees

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-399

---

Before OWEN and SOUTHWICK, Circuit Judges.[*]

PER CURIAM:[**]

David Louis Whitehead moves for leave to proceed *in forma pauperis* ("IFP") to appeal the district court's dismissal of his civil complaint for failure to state a claim. He also moves for sanctions, for appointment of counsel, for injunctive relief due to fraud, to remand or transfer the case, to transfer the appeal, to file a supplemental brief after oral argument, to amend the caption, to attach a document to the record excerpts, to supplement the record, for injunctive relief, and to correct a copyright certificate.

---

[*] This matter is being decided by a quorum.  U.S.C. §46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his IFP motion, Whitehead first argues that the district court erred by failing to provide reasons for its denial of IFP status on appeal. Federal Rule of Appellate Procedure 24(a)(2) requires that a district court provide reasons for the denial of IFP status. In the instant case, the district court's order failed to indicate whether the denial was based on Whitehead's financial status or a determination that an appeal would be frivolous. We need not remand the case to the district court for it to provide us its reasons because our review reveals that the appeal is frivolous. *See Baugh v. Taylor,* 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

In his myriad pleadings, Whitehead makes a variety of disjointed and conclusory allegations of copyright violations, judicial conflicts of interest, and a wide ranging conspiracy to retaliate against him for his claims. As the district court noted, Whitehead has raised similar claims in other courts, which have often been dismissed as frivolous and for which he has been sanctioned for his vexatious litigation. *See, e.g., Whitehead v. Paramount Pictures Corp.,* No. 1:08-CV-792, 2009 WL 1565639 (E.D. Va. May 28, 2009). Whitehead's claims in the instant proceeding represent another attempt to raise the same frivolous and vexatious claims in a new forum. Therefore, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. All outstanding motions are also DENIED.

As he has done in other courts, Whitehead has inundated this court with multiple motions and filings that are largely incomprehensible or fanciful. In this appeal alone he has filed more than twenty motions, which have consumed countless hours of court personnel time and resulted thus far in five court orders and eight clerk orders. In light of Whitehead's history of extensive and vexatious litigation, we WARN him that the filing of any repetitive or frivolous pleading in this court will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.